**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 15-4631**

—————————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

CORNELIUS MAURICE JACKSON, a/k/a Buddy Love, a/k/a Buddy,

               Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, Senior District Judge.  (8:14-cr-00230-DKC-2)

—————————

Submitted:  October 13, 2016        Decided:  October 17, 2016

—————————

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Allen H. Orenberg, ORENBERG LAW FIRM, P.C., North Bethesda, Maryland, for Appellant.  Ray Daniel McKenzie, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornelius Maurice Jackson appeals his conviction and 132-month sentence entered pursuant to his guilty plea to conspiracy to distribute and to possess with intent to distribute cocaine base. On appeal, counsel for Jackson filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the adequacy of the district court's Fed. R. Crim. P. 11 plea colloquy and the reasonableness of Jackson's sentence.* Jackson did not file a supplemental pro se brief, and the Government elected not to file a response to the Anders brief. We affirm the district court's judgment.

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charge to which the plea is offered, the penalties he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir.

---

* Counsel also questions the validity of Jackson's appellate waiver contained in the plea agreement. The Government has not sought to enforce the waiver in this case; accordingly, we conduct a full review of the record as required by Anders. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) ("If an Anders brief is filed, the government is free to file a responsive brief raising the waiver issue (if applicable) or do nothing, allowing this court to perform the required Anders review.").

2

1991). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3); DeFusco, 949 F.2d at 119-20. "In reviewing the adequacy of compliance with Rule 11, [we] should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." DeFusco, 949 F.2d at 116. In addition, because Jackson did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). We conclude that the district court correctly found Jackson's plea knowing and voluntary and that Jackson has not established plain error in his Rule 11 hearing.

Turning to Jackson's sentence, we review a sentence for procedural and substantive reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. Id. If we find the sentence procedurally reasonable,

3

we then consider its substantive reasonableness. Id. We presume on appeal that a sentence within the properly calculated Guidelines range is substantively reasonable. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

Upon review, we discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Jackson's offense level, criminal history, and advisory Guidelines range. The court afforded the parties an adequate opportunity to present arguments concerning the appropriate sentence and provided Jackson an opportunity to allocute. Finally, the court provided an adequate, individualized explanation of the below-Guidelines sentence. Nothing in the record rebuts the presumption that the sentence is substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jackson, in writing, of the right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson. We dispense with oral argument because

4

the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED